IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DOUGLAS RANDOLPH,

           Plaintiff,

v.                                      CIVIL ACTION NO. 2:22-cv-00315

SCOTT C. ALLEN, et al.,

           Defendants.

MEMORANDUM OPINION AND ORDER

    Pending before the court is Defendants' Partial Motion for Summary Judgment [ECF No. 22], which moves this court for entry of an order granting summary judgment in favor of Defendant John Doe. For the reasons explained below, Defendants' Motion is **GRANTED.**

    Summary judgment is appropriate when the movant demonstrates that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material where it "might affect the outcome of the suit under the governing law." *Strothers v. City of Laurel*, 895 F.3d 317, 326 (4th Cir. 2018). When the evidence is such that a reasonable jury could return a verdict for the non-moving party, a genuine dispute exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The burden is on the nonmoving party to demonstrate that there is a genuine issue of material fact for trial . . . by offering

'sufficient proof in the form of admissible evidence' . . . ." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016).

Here, Defendants' Motion seeks the dismissal of all claims against Defendant Doe, an unknown law enforcement officer allegedly involved in Plaintiff's arrest on August 4, 2020. As to Defendant Doe's identity, Plaintiff has alleged only that he "was a sworn police officer with the West Virginia State Police at all times relevant to the Complaint." [ECF No. 1, at 1]. Discovery in this matter closed on May 8, 2023. [ECF No. 13]. Though Plaintiff had ample time to identify Defendant Doe throughout the discovery process, he failed to do so. Thus, Defendant Doe has never been served with the complaint, and his identity remains unknown.

Where a John Doe is initially designated as a defendant, he must "be identified by the time the issues are adjudicated on their merits," as "judgments may not be entered against unnamed defendants." *See e.g.*, *Myers v. City of Charleston*, No. 2:19-cv-00757, 2021 WL 925326, at *10 (S.D. W. Va. Mar. 10, 2021); *Njoku v. Unknown Special Unit Staff*, No. 99–7644, 2000 WL 903896, at *1 (4th Cir. July 7, 2000). Because Plaintiff has failed to identify Defendant Doe, all claims against him are subject to dismissal under Rule 56 as no relief can be granted against an unknown individual.[1] A reasonable jury could not return a verdict for Plaintiff against Defendant Doe, whose actions, identity, and possible culpability remain a mystery.

---

[1] On June 13, 2023, Plaintiff filed a notice to voluntarily dismiss all claims against Defendant Doe, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. [ECF No. 24]. However, Rule 41(a)(1) allows a plaintiff to voluntarily dismiss a defendant without a court order only by filing a notice of dismissal *before* an opposing party serves either an answer or a motion for summary judgment. Because counsel for Defendant Doe has filed a motion for summary judgment [ECF No. 22] on Defendant Doe's behalf, Plaintiff's attempt at voluntary dismissal is improper under Rule 41(a)(1).

The court hereby **GRANTS** Defendants' Motion for Partial Summary Judgment, [ECF No. 22]. Defendant John Doe is **DISMISSED** from this case. The court **DIRECTS** the Clerk to send a copy of this Order to all counsel of record and any unrepresented party.

ENTER: June 27, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE